United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDI L. TOBIN, | No. C 10-02937 SI |
| Plaintiff, | **ORDER DENYING MOTIONS TO ALTER OR AMEND** |
| v. | |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. / | |

Currently before the Court is plaintiff's Rule 59(e) motion to alter or amend the Court's prior Order denying the parties' cross-motions for summary judgment and remanding the case for further proceedings before the Administrative Law Judge. *See* Docket No. 17 ("Order"). Plaintiff argues that the Court erred in remanding the case for further consideration by the ALJ, instead of finding plaintiff disabled and remanding solely for determination of benefits. Docket No. 19. Plaintiff argues that the latter is the appropriate remedy because, under Ninth Circuit case law, the Court's determinations that the ALJ used insufficient reasons to discredit the opinions of plaintiff's treating physicians and her subjective testimony means that the evidence should be credited in plaintiff's favor. *See, e.g.*, *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004). Given the vocational expert's testimony at the ALJ hearing, and crediting as true the improperly discounted evidence, plaintiff contends that the ALJ would be required to find the claimant disabled. *See* Order at 14*; see also Harman v. Apfel*, 211 F.3d 1172 (9th Cir. 2000). Also before the Court is defendant's Rule 59(e) motion. Defendant argues that the Court improperly applied existing case law and ignored evidence in the record that supported the ALJ's decision. Docket No. 22.

The Court will address defendant's motion first. Defendant argues that the Court reached the wrong decision in finding that the ALJ improperly discounted the opinions of plaintiff's treating physicians and plaintiff's subjective testimony. The Court has reviewed each of the grounds defendant raises and finds them all without merit. For example, defendant argues that the ALJ did not err by failing to account for all of plaintiff's claimed impairments in his residual functioning capacity determination (RFC). *See* Def. Motion at 1 (noting that the ALJ restricted plaintiff's RFC to light work to accommodate her need to avoid heat). However, defendant fails to point out where the ALJ addressed plaintiff's claimed impairments other than heat, such as fatigue, anxiety and sensitivity to light. *See* Order at 1. Defendant also argues that the ALJ properly discounted Dr. Suard's (a treating physician) opinion because it was submitted in 2007, over two years after plaintiff's insured status expired. Def. Mot. at 2 (citing Administrative Record [AR] 758-59). However, defendant fails to address the fact that Dr. Suard's 2007 opinion was a recitation of his opinions from ten years of treatment of plaintiff. *Id.* Defendant does not point to any evidence relied on by the ALJ or otherwise in the Administrative Record, showing that Dr. Suard's 2007 letter is at all inconsistent with any of his underlying treatment records.

Similarly, defendant argues that Dr. Campagna's 2009 opinion letter was properly discredited because it was created only after the ALJ denied plaintiff's request for benefits and after plaintiff secured counsel. Def. Motion at 6. However, defendant fails to acknowledge that Dr. Campagna initially diagnosed plaintiff with auto-immune conditions in 2005. AR at 446. Moreover, defendant does not point to any evidence relied on by the ALJ or otherwise in the record showing that Dr. Campagna's treatment records contradict the summary created in 2009. In sum, defendant's arguments are insufficient to cause the Court to reconsider its original findings that the ALJ failed to rely on appropriate grounds in discrediting plaintiff's treating physicians' opinions as well as plaintiff's and her family's subjective testimony. Defendant's motion is DENIED.

Plaintiff's motion raises a closer issue. Relying on *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004), plaintiff argues that the Court should "credit evidence that was rejected during the administrative process and remand for an immediate award of benefits [because] (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must

2

be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id*. Plaintiff points out that the Court in its previous Order found that the ALJ made numerous errors in discrediting plaintiff's treating physicians' opinions as well as plaintiff's and her family's subjective testimony. *See* Order at 6-10, 11-13. Plaintiff also notes that during the administrative hearing, the ALJ specifically asked the vocational expert to opine on whether plaintiff could work given all the limitations plaintiff claims she had and the vocational expert unambiguously answered that she could not. *Id*., at 14.

The Court finds that the first and third prongs of *Benecke v. Barnhart* are arguably satisfied in this case. However, the Court is not convinced that the second prong – there are no outstanding issues that must be resolved – has been met. As the government points out, during the relevant time frame at issue (from 1999 through 2005 when her insured status expired), plaintiff complained of many different conditions. The physicians she saw were mostly unable to provide specific diagnoses for the various conditions and most medical tests were negative or inconclusive. Given these issues with plaintiff's medical records, the Court reaffirms its conclusion that remand for further proceedings by the ALJ is appropriate. This is not a case, as in *Benecke v. Barnhart*, 379 F.3d 587, where the medical record was consistent and plaintiff's treating physicians repeatedly diagnosed the plaintiff with a specific, disabling condition (fibromyalgia). *See also Strauss v. Comm'r of the SSA*, 635 F.3d 1135, 1138 (9th Cir. 2011) (court did not "credit as true" improperly excluded or discounted evidence; "[n]otably, the required analysis centers on what the record evidence shows about the existence or non-existence of a disability. The ALJ's errors are relevant only as they affect that analysis on the merits. A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

Plaintiff's Rule 59(e) motion to alter or amend, therefore, is DENIED.

**IT IS SO ORDERED.**

Dated: February 1, 2012

SUSAN ILLSTON
United States District Judge

3