IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CANDI L. TOBIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

No. C 10-02937 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Plaintiff has filed a motion for award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Having considered the papers submitted, the Court hereby GRANTS IN PART plaintiff's motion.

**BACKGROUND**

On February 23, 2007, plaintiff Candi Tobin filed a claim for Disability Insurance Benefits under Title II of the Social Security Act. Administrative Record ("AR") 84. Plaintiff sought disability benefits and claimed she was unable to work between October 13, 1999 and June 30, 2005 as a result of an alleged "nonspecific autoimmune and neurological phenomenon," accompanied by "stress, joint pain, mental confusion, and muscle contractions." *Id.* at 92, 111. Her diagnoses included a skin condition called Sweet's Syndrome, autoimmune problems presenting lupus-like symptoms, "Fight or Flight" Syndrome, and an anxiety disorder, among others. *Id.* at 232-33, 446, 537-38. Her primary care physician, Dr. Thomas Suard, who had treated her for more than ten years, believed that she was unable

to work between September 1998 and June 2005. *Id.* at 536. In early July 2005, her rheumatologist, Dr. Joan Campagna, observed an "auto-immune problem [with] a combination of neurologic problems, as well as lupus and Sjogren's symptoms" and fatigue. *Id.* at 446. However, in 1999 her treating physician, Dr. Jeffrey Kishiyama, found no objective basis for some of her complaints, which he found "unbelievable or possibly delusional." *Id.* at 202-03. Plaintiff also consistently tested negative for classic autoimmune diseases like lupus. *Id.* at 227, 334.

The Social Security Administration ("SSA") initially denied her disability claim on July 3, 2007. *Id.* at 10. SSA denied her claim again upon reconsideration on September 28, 2007. *Id.* Plaintiff then requested a hearing on October 19, 2007, and appeared before an Administrative Law Judge ("ALJ") on December 11, 2008. *Id.* She testified along with her husband and daughter, as well as a vocational expert. *Id.* Following the hearing, the ALJ denied her claim on May 18, 2009. *Id.*

After the ALJ denied her claim, plaintiff sought review from the SSA Appeals Council. With the assistance of counsel for the first time in the proceeding, plaintiff filed a request for review with the Appeals Council on September 22, 2009. *Id.* at 1. The Appeals Council denied her request for review on May 14, 2010. *Id.* On July 2, 2010, plaintiff filed a complaint with this Court seeking judicial review of the Commissioner's final decision pursuant to 42. U.S.C. § 405(g). Both parties moved for summary judgment. This Court granted plaintiff's motion for summary judgment, and denied defendant's. On August 26, 2012, plaintiff filed a Motion to Alter or Amend the Judgment, to which defendant objected. Defendant subsequently filed its own Motion to Alter or Amend. Both parties' motions were denied by this Court on February 12, 2012. Plaintiff now moves for attorneys' fees and costs pursuant to the EAJA.

**LEGAL STANDARD**

Under section 2412(d) of the EAJA, reasonable attorneys' fees and costs may be awarded to the prevailing party in a civil action against the United States, including a proceeding for judicial review of an agency action. *See* 28 U.S.C. § 2412(d). The plaintiff is entitled to attorneys' fees and costs unless the Court finds that the position of the United States was substantially justified. *See id.* In *Pierce v. Underwood*, the Supreme Court defined "substantially justified" as "justified in substance or in the

2

main – that is, justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact". *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). When an ALJ's decision is reversed on the basis of procedural errors, the question is not whether the government's position as to the merits of the plaintiff's claim was substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). "Rather, the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id.* The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed with the government. *United States v. 313.34 Acres of Land, More or Less, Situated in Jefferson County, State of Wash.*, 897 F.2d 1473, 1477 (9th Cir. 1989); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). However, the government's position need not be correct to be substantially justified. *See Pierce v. Underwood. See* 487 U.S. at 566 n.2.

## DISCUSSION

**1.     The Government's Decision to Defend Was Not Substantially Justified**

    **a.     Cross-Motions for Summary Judgment**

Plaintiff argues that the government's position was not substantially justified because, as the Court concluded in its August 23, 2011 Order, the ALJ "failed to comply with agency regulations and established precedent . . . " Pl. Mot., Dkt. 27 at 4. The Court agrees. In its Order, this Court found that the ALJ had committed multiple errors by failing to consider the full record. Ord., Dkt 17 at 6. Specifically, the ALJ erred by: improperly evaluating medical evidence presented by plaintiff's treating doctors that related to the severity and scope of her alleged disability; discrediting, without providing sufficient reason, the testimony given by plaintiff and her family; and relying on a vocational expert's answer to a hypothetical question, when that question failed to account for evidence in the record pertaining to several of plaintiff's alleged conditions. *Id.* at 7-14. This Court affirmed the ALJ's conclusion regarding step three because he adequately explained his finding. *Id.* at 14.

In its opposition to plaintiff's motion for attorneys' fees, the government argues that the Commissioner was "substantially justified in defending the underlying action," and proffers arguments as to why the Commissioner was justified in defending each of the ALJ's rulings at issue. *See generally*

United States District Court
For the Northern District of California

Def. Opp., 2-8. However, the Ninth Circuit has held that errors in which an ALJ "fail[s] to make findings and weigh evidence" are "serious," and that the government's "defense of [these] basic and fundamental errors" lacks substantial justification. *See Shafer*, 518 F.3d 1067, 1071-72 (quoting *Corbin v. Apfel,* 149 F.3d 1051 at 1053 (9th Cir. 1998)). In the instant case, the ALJ's errors were described by this Court as "failing to consider the full record," and as such are "serious" errors as defined by the Ninth Circuit. Furthermore, courts have held that in following the law of the circuit, "the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less justified it is for the government to pursue litigation." *Mattson v. Bowen,* 824 F.2d 655(8th Cir. 1987); *see also Stewart v. Sullivan*, 810 F. Supp. 1102, 1104 (D. Haw. 1993) (holding that when the agency has failed to follow the law of the circuit, the government's position has no reasonable basis in law). Therefore, the Court finds that the government was not substantially justified in defending the ALJ's failure to make complete findings and weigh all germane evidence.

For the foregoing reasons, the Court finds that plaintiff is entitled to an award of attorneys' fees and costs pursuant to the EAJA, 28 U.S.C. § 2412(d), for plaintiff's costs of suit and efforts on the cross-motion.

### b. Motion to Alter or Amend

Following this Court's summary judgment Order, plaintiff filed a Motion to Alter Judgment on August 26, 2011. Defendant opposed the motion and filed its own Motion to Alter on September 9, 2011. The Court ruled on February 1, 2012, denying both parties' motions. Plaintiff seeks attorneys' fees for work on this motion. The Court declines to award attorneys' fees related to plaintiff's filing of its motion to amend. First, plaintiff is not a "prevailing party" with respect to her motion to amend because this Court denied the motion. Secondly, plaintiff undertook this motion on her own volition, rather than in response to some government action. Therefore, the government could not have assumed a "substantially unjustified position" as is required to obtain an award under the EAJA. The Court finds, however, that an award for time expended on plaintiff's response to the government's own subsequent motion to alter judgment is warranted under the EAJA.

4

**2.     Reasonableness of Plaintiff's Request for Fees**

Plaintiff requests reimbursement of $12,444.86 in attorneys' fees and costs and supports this request with detailed time records from plaintiff's attorneys. This request reflects 30 hours billed at the applicable statutory maximum rate for 2010 of $175.06, and 33.75 hours at the 2011/2012 rate of $180.59, for a total of 63.75 hours billed by Attorney Wilborn; and 3.5 hours at the 2010 rate, and .75 hours at the 2011/2012 rate for a total of 4.25 hours billed by Attorney Linden. The Court finds that the work done for filing and responding to the motions for summary judgment was reasonable and is compensable under EAJA. As discussed above, however, the Court will not award fees for plaintiff's motion to alter the judgment, but will allow time spent opposing the government's motion to alter the judgment.

Therefore, the Court finds the following adjustment in attorneys' fees appropriate: 9.25 hours at the 2011 rate of $180.59 shall be deducted from the gross hours reported by plaintiff's counsel, for a revised total of 58.75 hours at the respective yearly rates, plus the Court filing fee, for a final award of $10,774.41.

**IT IS SO ORDERED.**

Dated: July 25, 2012

SUSAN ILLSTON
United States District Judge